Friedman and Román, JJ.,
dissent in part in a memorandum by Friedman, J., as follows: Given our obligation to assume the truth of plaintiffs factual allegations (which defendants vigorously dispute) for purposes of deciding this appeal, I concur with the majority insofar as it reinstates the action as against the individual defendants. However, I must emphatically dissent from the majority’s reinstatement of the cause of action for retaliatory discharge. Granted, plaintiff has satisfied her “de minimis burden of showing a prima facie case” (Melman v Montefiore Med. Ctr., 98 AD3d 107, 115 [1st Dept 2012] [internal quotation marks omitted]) that her discharge was retaliatory in nature, in that she threatened to sue her employer as she left the premises on the day she was suspended from her employment at defendant Beacon of Hope House, and was subsequently terminated. However, as the majority acknowledges, defendants have come forward with a legitimate nondiscriminatory basis for plaintiffs termination—namely, her involvement in a physically violent workplace altercation with two other employees on the day before she was suspended. Moreover, any reasonable inference that the true reason for the termination may have been the threat to sue is conclusively negated by the uncontroverted fact that the two other employees involved in the altercation with plaintiff were also suspended and terminated based on that incident, even though they did not threaten to sue. It is undisputed that defendant Scimone, a manager at Beacon, prepared an investigative report on the incident, in which he concluded that plaintiff and the two other employees involved had violated Beacon’s policy against fighting in the workplace and, based on that misconduct, recommended the termination of all three employees. Pursuant to that recommendation, plaintiff and the two employees with whom she had fought were terminated within three weeks of the incident.
Plaintiff does not dispute that the altercation in question occurred; that she was involved in it; that such conduct violated Beacon’s policy against fighting in the workplace; and that all three employees involved in the altercation were suspended the next day and, ultimately, were terminated, with the reason given being the altercation. Notably, plaintiff offers no evidence that *531 either of the other two terminated employees threatened Beacon with legal action before they were fired. In sum, the record offers no rational basis for concluding that plaintiff, like her two antagonists, was terminated for any reason other than violating her employer’s rule against physical fighting in the workplace—a rule essential for any workplace, but especially for a mental health facility like Beacon.
The majority appears to be unduly influenced by plaintiff’s litany of complaints (all disputed by defendants) about her treatment at Beacon before the altercation that triggered her termination. Had plaintiff been the only employee fired, perhaps those allegations could support an inference that retaliation was the motive for the discharge. But, to reiterate, this was not the case. All three employees involved in the altercation were found to have violated the no-fighting policy and were dismissed, regardless of any threats of litigation. While I agree that, by alleging the bare facts that she threatened to sue her employer and was subsequently fired, plaintiff set forth a prima facie case of retaliation sufficient to shift to defendants the burden of “com[ing] forward with admissible evidence that it had ‘legitimate, independent, and nondiscriminatory reasons’ ” (Melman, 98 AD3d at 115, quoting Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]) for her termination, once defendants have proffered admissible evidence that they had such a legitimate and independent reason, plaintiff is no longer entitled to rely on “the minimal prima facie case” (Melman, 98 AD3d at 115 [internal quotation marks omitted]) to defeat a well-supported summary judgment motion (see id. at 122-123). She must come forward with admissible evidence that, if credited, would refute the proffered reason for her termination.[2]
In this case, the majority reinstates plaintiffs retaliatory discharge claim notwithstanding unrefuted evidence that she was terminated for violating her employer’s prohibition on conduct clearly intolerable in the workplace (fighting), a policy that the employer applied equally to the other employees involved in the same incident who did not threaten to sue (and who were not members of plaintiffs protected class). In so doing, the majority sends the message that an employee who commits workplace misconduct may deter the employer from taking disciplinary ac *532 tion by the simple expedient of threatening to sue before a penalty is imposed. I do not believe that the Human Rights Law was intended to afford such protection to employees who engage in misconduct in the workplace, as the record shows plaintiff did here. It is simply preposterous to suggest that the Human Rights Law was meant to call an employer to task for dismissing an employee at a mental health facility who involves herself in a physical altercation at work. Accordingly, I dissent from the portion of the majority’s decision denying defendants’ motion for summary judgment dismissing the cause of action for retaliatory discharge.

. As we recently noted, “in employment discrimination jurisprudence, the term ‘prima facie case’ is used to denote the establishment by plaintiff of facts sufficient to create a legally mandatory, rebuttable presumption, rather than the more traditional meaning of describing plaintiffs burden of setting forth sufficient evidence to go before the trier of fact” (Melman, 98 AD3d at 122 [internal quotation marks and ellipsis omitted]).